## ATTACHMENT B

### (Items to be Seized)

I.      All records, in whatever form, that constitute evidence, fruits, or instrumentalities of violations of 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 922(g)(1), including those related to:

A.  Records pertaining to the following people, telephone numbers:

> Zachary ZELLA
>
> Mickie SIMMONS

> Telephone numbers
> - (774) 633-1793
> - (774) 321-4208
> - (774) 230-0918

B.  Records pertaining to the following topics:

- firearm and Privately Made Firearm ("PMF") purchases
- firearm and PMF sales
- firearm and PMF manufacturing
- ammunition purchases
- ammunition sales
- ammunition manufacturing

C.  Records pertaining to the payment, receipt, transfer, or storage of money or other things of value by Zachary ZELLA and Mickie SIMMONS, including, without limitation:

1. Bank, credit union, investment, money transfer, and other financial accounts;
2. Credit and debit card accounts;
   Tax statements and returns;
3. Business or personal expenses;
4. Income, whether from wages or investments; and
5. Loans

D.    Records constituting evidence of:

    1.    who used, owned, or controlled the TARGET PHONE;

    2.    evidence of the presence or absence of malicious software that would allow others to control the TARGET PHONE, and evidence of the presence or absence of security software designed to detect malicious software;

    3.    evidence of the attachment of other computer hardware or storage media;

    4.    evidence of counter forensic programs and associated data that are designed to eliminate data;

    5.    evidence of when the TARGET PHONE was used;

    6.    passwords, encryption keys, and other access devices that may be necessary to access the TARGET PHONE; and

    7.    evidence pertaining to accounts held with companies providing Internet access or remote storage;

    8.    ownership, or use of the TARGET PHONE; and

    9.    Serial numbers and any electronic identifiers that serve to identify the TARGET PHONE.

## II.    **DEFINITIONS**

For the purpose of this warrant:

A.    "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

B. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

C. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

D. "Data" means all information stored on storage media of any form in any storage format and for any purpose.

E. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

III.    **<u>RETURN OF SEIZED COMPUTER EQUIPMENT</u>**

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files

that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the Government is authorized to retain a digital copy of all computer equipment seized pursuant to this warrant for as long as is necessary for authentication purposes.